People v Williams (2026 NY Slip Op 01135)

People v Williams

2026 NY Slip Op 01135

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Ind No. 76084/23 71530/23|Appeal No. 5958-5959|Case No. 2025-01158 2024-02316|

[*1]The People of the State of New York, Respondent,
vMalachi Williams, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered April 18, 2024, convicting defendant, upon his plea of guilty, of robbery in the third degree and attempted identity theft in the first degree under indictment No. 76084/23, and sentencing him to concurrent jail terms of 364 days, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed. Judgment, Supreme Court, Bronx County (Steven J. Hornstein, J.), rendered March 28, 2024, convicting defendant of attempted criminal possession of a weapon in the second degree under indictment No. 71530/23, and sentencing him to a jail term of one year, to run concurrently with the above judgment, unanimously affirmed.
Defendant has standing to raise his challenge to the constitutionality of New York's prohibition on those under 21 years old from obtaining a firearm license, notwithstanding that he never applied to obtain a firearm license (see People v Johnson, — NY3d —, —, 2025 NY Slip Op 06528, *3 [2025]). On the merits, defendant has failed to establish that the instant indictment is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]).
Defendant's challenges to the "good moral character" provision in Penal Law § 400.00(1)(b) and New York's ban on large-capacity magazines (Penal Law § 265.02[8]) are unpreserved because he failed to raise them in his motion to dismiss the indictment (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice. In any event, the latter challenge is moot because defendant was not convicted of that count (see People v Watts, 234 AD3d 620, 621 [1st Dept 2025], lv denied 43 NY3d 1059 [2025]; People v Ruiz, 146 AD3d 417, 417 [1st Dept 2017], lv denied 28 NY3d 1188 [2017]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed at sentencing under indictment No. 76084/23 (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026